# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### October 24, 2012 Session

## STATE OF TENNESSEE v. CYNTHIA J. FINCH

**Appeal from the Criminal Court for Knox County**
**No. 92216    Jon Kerry Blackwood, Judge**

---

**No.  E2011-02544-CCA-R3-CD - Filed November 22, 2013**

---

JOSEPH M. TIPTON, P.J., concurring and dissenting.

I concur with the majority opinion in all respects save one.  I believe the Defendant should have been granted judicial diversion, given the circumstances of this case, the Defendant's excellent background, and the circumstances existing in Knox County relative to official misconduct and the granting of diversion.

As indicated in the majority opinion, this case arose when a major audit was conducted, primarily of the Knox County Mayor's office but also focusing on other county employees with P cards.  Employees with P cards were to keep receipts for all purchases.  The Defendant was convicted for her preparing and submitting false receipts.  Ironically, the purchase involving the largest false receipt, $1759, was ultimately proven, I believe, to have been for county purposes.  In this regard, I view the State's evidence to show a person unwisely attempting to present false receipts to justify twelve purchases over two and one-half years.

I am aware of cases that affirm denial of diversion for public employees.  *See, e.g.*, *State v. Donna F. Benson*, No. W2001-01926-CCA-R3-CD (Tenn. Crim. App. Oct. 8, 2002) (denying diversion to an assistant court clerk who took two bribes); *State v. Charles Chesteen*, No. E1999-00910-CCA-R3-CD (Tenn. Crim. App. June 8, 2000) (denying diversion to a clerk and master who took over $100,000).  In this case, though, the Defendant's conduct pales in comparison, and her good works and stellar background set her apart.

In *State v. Hooper*, 29 S.W.3d 1, 11 (Tenn. 2000), our supreme court recognized that substantial publicity in the community may affect whether incarceration is appropriate as a deterrence.  I look at the present case in the light of the publicity in the Knox County

community regarding higher public officials committing more egregious offenses in recent times getting judicial diversion. The Defendant is certainly amenable to rehabilitation, a basic premise for considering the use of diversion, and I believe that denying her the chance to become a fully useful citizen unencumbered with a conviction on her record is simply not the fair and just thing to do.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE